PAUL LIETZ
21012 Peckham Road
Greenleaf, Idaho 83626
Cell No.: (360) 451-4644

**U.S. COURTS**

**DEC 21 2012**

Rcvd_____Filed_____Time_____
**ELIZABETH A. SMITH**
**CLERK, DISTRICT OF IDAHO**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAUL LIETZ,        )<br>       )<br>PLAINTIFF,     )<br>       )<br>V.             )<br>       )<br>DIVERSIFIED CONSULTANTS INC., (A   )<br>Florida corporation doing business in the State   )<br>of Idaho) dba DIVERSIFIED CONSULTANTS   )<br>OF FLORIDA, INC., (A corporation registered   )<br>and doing business in the State of Idaho),   )<br>       )<br>DEFENDANTS.   )<br>       )<br>       )<br>       ) | Civil Action No.: _____<br><br>12- 629- 5-__ |

### COMPLAINT

**COMES NOW,** Plaintiff and alleges against the Defendant(s) as follows:

### I. JURISDICTION

1.1 Jurisdiction is conferred upon this Court pursuant to:

a. 15 U.S.C. § 1692k(d), Fair Debt Collection Practices Act (otherwise known as and will be referred to herein after as the "FDCPA");

b. 15 U.S.C. § 1681p, Fair Credit Reporting Act (otherwise known as and will be referred to herein after as the "FCRA");

c. 28 U.S.C. § 1331, Federal Question; and

e. 28 U.S.C. § 1367, Supplemental Jurisdiction involving state claim(s).

## II. VENUE

2.1 Pursuant to 28 U.S.C. § 1391(b)(2) venue is conferred upon this Court and because the facts complained of and all of the facts complained of happened within the jurisdictional boundaries of the State of Idaho.

## III. PARTIES

3.1 Plaintiff presently resides in the City of Greenleaf, County of Canyon, State of Idaho.

3.2 Plaintiff is a natural person and a "consumer" as defined under the provisions of 15 U.S.C. § 1692a(3).

3.3 Plaintiff allegedly owes a debt under the provisions of 15 U.S.C. § 1692a(5) and Diversified is trying to collection on said debt.

3.4 Defendant(s), Diversified Consultants, Inc., dba Diversified Consultants of Florida, Inc., (hereinafter collectively referred to as "Diversified") are foreign corporation of the State of Florida conducting business in the State of Idaho.

3.5 Defendant(s), Diversified Consultants, Inc., and Diversified Consultants of Florida, Inc., (hereinafter collectively referred to as "Diversified") are debt collectors as defined under the provisions of 15 U.S.C. § 1692a(6) and are seeking to collect on said alleged debt.

## III. FACTUAL ALLEGATIONS

3.1 On or about October 22. 2012, Diversified prepared and executed their initial correspondence demanding the sum of $909.58.

3.2 On or about October 29, 2012, Plaintiff received the initial correspondence from Diversified.

3.3 On October 29, 2012, Plaintiff disputed the debt in its entirety.

Complaint
Page **2** of **10**

3.4 On October 30, 2012, Plaintiff mailed the dispute letter to Diversified at Post Office Box 1391 Southgate, MI., 48195-0391, which is the address given on the initial correspondence.

3.5 On November 29, 2012, Plaintiff received an adverse notice regarding his vehicle insurance.

3.6 On November 30, 2012, Plaintiff received a second adverse notice regarding his vehicle insurance.

3.7 On December 10, 2012, Plaintiff applied for credit to erect an awning at his residence. This was applied for through GE Capital.

3.8 On December 11, 2012, Plaintiff called Diversified and spoke to one of its lawful agents. This representative acknowledged or otherwise confirmed that Diversified received Plaintiff dispute letter dated October 29, 2012, and that the file is marked as "disputed." Furthermore, the representative tried to collect on this debt together with information that would further allow diversified to collect on the debt.

3.9 On December 12, 2012, Plaintiff was told that this credit was denied in whole or in part because of the inaccurate and incorrect information being reported by Diversified. This is the only derogatory mark on Plaintiffs credit (together with that of the original creditor).

3.10 As of the filing of this complaint, Plaintiff has not received any validation or other forms of communication with regards to Plaintiff's dispute dated October 29, 2012. Diversified has had sufficient time in which to comply with the strict requirements of the FDCPA but have not.

## IV. CAUSES OF ACTIONS AGAINST DIVERSIFIED

**Claim 1**
**Violation of 15 U.S.C. § 1692g(b) Validation of Debt**

4.1 Plaintiff restates and re-alleges each and every allegation set forth in paragraphs 1.1 through 3.10 by reference.

4.2 Section 1692g(b) states:

"If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

4.2 On October 29, 2012, Plaintiff received a letter from Diversified, which was the initial contact.[1]  Section 1692g(b) requires Diversified to validation all disputed debts within thirty (30) days from the date Plaintiff disputes the debt or any portion thereof.

4.3 On October 29, 2012, Plaintiff immediately disputed the debt.  Plaintiff executed his dispute in writing and mailed the same to the addresses as given on his dispute letter."[2]

4.4 On December 11, 2012, a lawful representative of Diversified specifically told Plaintiff that Diversified received Plaintiff's dispute letter and that the account was marked as "disputed."[3]

4.5 Diversified is required to "obtain verification of the debt" and that verification  must be "mailed to the consumer by the debt collector," none of which has occurred.  Additionally the lawful representative of Diversified acknowledged that the original creditor was required to mail

---

[1] See Letter dated October 22, 2012
[2] *See* Letter dated October 29, 2012 from Plaintiff
[3] *See* Audiotape
Complaint
Page **4** of **10**

the verification to Plaintiff and that it was not Diversified's responsibility. However Section 1692g(b) clearly states that it is the sole responsibility of Diversified to do that which their representative clearly misrepresented to Plaintiff as not being their responsibility under the statute.

4.6 As of the date of this complaint Diversified has failed to comply with any of the provisions of Section 1692g(b).

4.7 In addition a lawful representative of Diversified attempted to further collect on this debt when he spoke to Plaintiff on December 11, 2012. This lawful representative knew that this debt was disputed in its entirety, but tried to further collect information on this debt.

4.8 Therefore, Plaintiff timely disputed the debt. Diversified's representative acknowledged that diversified received the dispute. However, Diversified has willfully, knowingly, recklessly, and in the opinion of the Plaintiff maliciously ignored their legal duty and obligations to validate the debt as required under Section 1692g(b) of the FDCPA. Plaintiff is entitled to relief and compensation for Diversified failure to adhere to the strict requirements of the FDCPA.

## Claim 2
### Violation of 15 U.S.C. § 1692e(8) False or Misleading Representation

4.9 Plaintiff restates and re-alleges each and every allegation set forth in paragraphs 1.1 through 4.8 by reference.

4.10 Section 1692e(8) states:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

Complaint
Page 5 of 10

4.11 Plaintiff disputed this debt with the original creditor on the following dates:

| | | |
|---|---|---|
| 12-16-2012 | 3-15-2012 | 6-10-2012 |
| 2-18-2012 | 3-23-2012 | 7-1-2012 |
| 3-3-2012 | 4-10-2012 | 7-23-2012 |
| 3-10-2012 | 6-3-2102 | |

4.12 Diversified knew or should have known that Plaintiff had and continues to dispute this debt with the original creditor. If the original creditor would have terminated services as requested by Plaintiff, this matter would not be where it is at today.

4.13 It is Plaintiff's belief that Diversified failed to properly investigate this matter and subsequently failed to reported that this matter was in dispute.

4.14 On October 29, 2012, Plaintiff received a letter from Diversified, which was the initial contact. Section 1692g(b) requires Diversified to validation all disputed debts within thirty (30) days from the date Plaintiff disputes the debt or any portion thereof.

4.15 On October 29, 2012, Plaintiff immediately disputed the debt. Plaintiff executed his dispute in writing and mailed the same to the addresses as given on Diversified's initial correspondence.

4.16 On December 10, 2012, Plaintiff received a copy of his credit report and those reports show that Diversified accessed Plaintiff's credit report. Furthermore, the credit reports fails to show where Diversified either changed or had changed the information on Plaintiff's credit reports to reflect that this matter is and has always been in dispute.

4.17 On December 11, 2012, Plaintiff called Diversified wherein a lawful representative told Plaintiff that they received Plaintiff's dispute letter and the file was marked "disputed."

4.18 As of the date of this complaint Diversified has failed to "communicate that the debt is disputed" to any of the credit reporting agencies.

4.19 Therefore, Diversified was required to communicate to the credit reporting agency that this matter was disputed but failed to.  In addition it appears that diversified failed to investigate this matter to determine if it was in dispute.  These are clear requirement under Section 1692e(8) of the FDCPA.  Plaintiff is entitled to relief and compensation for Diversified failure to adhere to the strict requirements of the FDCPA.

**Claim 3**
**Violation of Idaho Code 26-229A(1)**

4.20 Plaintiff restates and re-alleges each and every allegation set forth in paragraphs 1.1 through 4.19 by reference.

4.21 Section 26-2229A(1) states in part:

"Every licensee or person required to be licensed under this act and its agents **shall** deal openly, fairly, and honestly without deception in the conduct of its business activities in this state under this act."

4.22 On December 11, 2012, a lawful representative made conflicting statements to Plaintiff with regards to the verification of this debt.  The representative stated, "That the records of Diversified clearly shows that this matter is in dispute."  Then the same representative stated, "that Verizon is required to validate the debt directly with Plaintiff, not Diversified."

4.23 Section 1692g(b) states, in pertinent part that:

"... the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

4.24 The statutory provision is clear and unambiguous.  It is the requirement of the debt collector not the original creditor to obtain verification of the debt and mail it to the consumer.

4.25 Section 26-2229A(1) utilized the word "shall," which is an imperative and non-discretionary term.  Diversified must comply with the requirements of the statute or face

Complaint
Page **7** of **10**

penalties being levied against them.  All of the above statements were not made "openly, fairly, and honestly without deception in the conduct of its business activities in this state under this act."

4.26 Therefore, the representative of Diversified did not "dealt with this matter openly, fairly, and honestly without deception in the conduct of its business activities in this state under this act."  And because they failed to comply with their legal duty under the statute they have commit gross negligence and should be required to compensate Plaintiff for a nominal sum.

## Claim 4
### Violation of Idaho Consumer Protections Act § 48-601 et seq.

4.27 Plaintiff restates and re-alleges each and every allegation set forth in paragraphs 1.1 through 4.26 by reference.

4.28 Section 48-603 (17) states:

"The following unfair methods of competition and unfair or deceptive acts or practices is the conduct of any trade or commerce are hereby declared to be unlawful, where a person knows, or in the exercise of due care should know, that he has in the past, or is: (17) Engaging in an act or practice which is otherwise misleading, false, or deceptive to the consumer."

4.29 Diversified has had and continues to have knowledge that Plaintiff has disputed this debt.  By Diversified failing to comply with the statutory provision in validating the debt they have committed gross negligence.  This is an "act or practice which is otherwise misleading, false, or deceptive to the consumer."

4.30 A representative from Diversified had a conversation with Plaintiff and Plaintiff was told that Diversified was not required to validate the debt, it was Verizon's responsibility.  This is clearly false, misleading, and deceptive because under Section 1692g(b) states, in pertinent part that:

Complaint
Page **8** of **10**

"... the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

4.31 Therefore, Plaintiff is entitled to relief and compensation for Diversified.

## V. POTENTIAL ADDITIONAL DEFENDANTS AND CLAIMS

5.1 Plaintiff believes that there may be additional defendants and that there will be additional claims against one or more of the defendants in regards to this action, Plaintiff reserves the right to amend this complaint as additional defendants and/or claims are identified.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff request for the following relief:

6.1 For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692(a)(2)(A);

6.2 For an award of all costs of this litigation pursuant to 15 U.S.C. § 1692k(a)(3);

6.3 For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A);

6.4 For an award of $53,000.00 for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

6.5 For an award of all costs of this litigation pursuant to 15 U.S.C. § 1681n(a)(3);

6.6 For an award of nominal damages in the amount of $5,000.00 regarding all Supplemental claims;

6.8 For an award of nominal damages of $15,000.0, or in the alternative other amounts the Court deems proper for violations of Consumer Protections laws;

Complaint
Page **9** of **10**

6.9 Universal clearing of all adverse and/or derogatory information from all three credit reporting agencies regarding Plaintiff's credit report, if any;

6.10 Recalculation all three credit scores from all three credit reporting agencies regarding Plaintiff's credit score;

6.11 Evidence from all three credit reporting agencies that corrections to Plaintiff's credit score and file have been made;

6.12 Such other and further relief as this Court deems just and proper.

Dated: December 20, 2012

_____
Paul Lietz

Serve Registered Agent in the State of Idaho:
INCORP Services, Inc.,
921 South Orchard Street, Suite G
Boise, Idaho 83705